■ OLGA BENGIS, Respondent, v THALLE INDUSTRIES, INC., et al., Respondents, and RECLAMATION, INC., OF KINGSTON, Appellant. [797 NYS2d 531]—

In an action to recover damages for personal injuries, the defendant Reclamation, Inc., of Kingston appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (Sweeny, J.), dated April 14, 2004, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff tripped on a chunk of asphalt while walking at night. She commenced this action against Reclamation, Inc., of Kingston (hereinafter Reclamation) on the ground that Reclamation negligently created the condition that caused her fall while resurfacing a nearby intersecting roadway. Reclamation unsuccessfully moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it did not create the condition that caused the accident.

Through depositions showing that Reclamation's resurfacing technique did not create large chunks of debris, that Reclamation thoroughly inspected the work site for debris, and that the job site was free from debris each night, the defendant Reclama-

tion made a prima facie showing of entitlement to judgment as a matter of law. In opposition, the plaintiff's evidence, viewed in the light most favorable to her, consisted of mere speculation that Reclamation created the chunk of asphalt that the plaintiff tripped on and therefore was insufficient to raise a triable issue of fact (*see Williams v Century 21, Inc.*, 12 AD3d 364 [2004]; *Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]). Accordingly, Reclamation was entitled to summary judgment. Schmidt, J.P., Adams, Luciano and Rivera, JJ., concur.